**FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

—————————————————————
                                        :
JOSEPH SIGNORILE,                       :
                                        :
            Plaintiff,                  :
       v.                               :       CIVIL ACTION NO. 05-835 (JAP)
                                        :
CITY OF PERTH AMBOY, et al.,            :
                                        :       **OPINION**
            Defendants.                 :
—————————————————————:

APPEARANCES:

Richard J. Simon
Simon Professional Plaza
142 Livingston Avenue
New Brunswick, New Jersey 08901
       *Attorney for Plaintiff, Joseph Signorile*

Fredrick L. Rubenstein
James P. Nolan & Associates
61 Green Street
Woodbridge, New Jersey 07095
       *Attorney for Defendants, City of Perth Amboy, Perth Amboy Police Department, and City*
              *of Perth Amboy*

Thomas O. Johnston
Porzio, Bromberg & Newman, PC
100 Southgate Parkway
P.O. Box 1997
Morristown, New Jersey 07962-1997
       *Attorney for Defendants, Joseph F. Britton, Luis Guzman, and Michael Kohut*

PISANO, District Judge.

        On February 14, 2005, Plaintiff Joseph Signorile ("Signorile") filed a Complaint in this

Court against Defendants the City of Perth Amboy ("Perth Amboy"), the Perth Amboy Police

Department ("Police Department"), Chief Michael Kohut ("Kohut"), Lieutenant Joseph F. Britton ("Britton"), Captain Louis Guzman ("Guzman"), Jacqueline Guzman ("Mrs. Guzman")[1], and various fictitious persons. Signorile seeks relief under 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. On June 20, 2005, Defendants Perth Amboy and the Police Department filed cross-claims against their co-Defendants, seeking indemnification and contribution. Presently before the Court are motions for summary judgment brought pursuant to Federal Rule of Civil Procedure 56(c) by Defendants Perth Amboy, the Police Department, Kohut, Britton, and Guzman. In addition, Defendants Kohut, Britton, and Guzman move for the imposition of sanctions under Federal Rule of Civil Procedure 11(c). For the reasons set forth herein, the Court grants Defendants' motions for summary judgment, but denies the motion for sanctions. The Court also dismisses the claims asserted against Defendant Mrs. Guzman for failure to state a claim.

## I.       BACKGROUND

This dispute arises from Signorile's arrest on July 1, 2003 based on a charge of simple assault, in violation of N.J.S.A. 2C:12-1a, against his wife Joyce Signorile ("Mrs. Signorile"). On June 28, 2003, Mrs. Signorile informed Mrs. Guzman, her friend and neighbor, that Signorile had struck her in the face during an argument they had the previous day. Mrs. Signorile, at that time, had a visible injury to her right eye. In response, Mrs. Guzman notified her husband, a Captain in the Perth Amboy Police Department, that Signorile had struck his wife. Mrs. Guzman brought Mrs. Signorile to the Police Department, where Guzman met them in the parking lot and

---

[1]  Mrs. Guzman has not answered the Complaint or entered an appearance before the Court.

observed Mrs. Signorile's right eye.  The parties dispute whether Guzman spoke directly to Mrs. Signorile, or whether he spoke only to his wife, Mrs. Guzman.

Guzman testified in his deposition that he spoke directly to Mrs. Signorile, who informed him that Signorile had struck her during an argument, causing the observable injury to her eye. Guzman further stated that he told Mrs. Signorile that the law mandated that he file a complaint and begin an investigation in respect of her allegations.  However, according to Guzman, Mrs. Signorile replied that she did not want to file a complaint with the Perth Amboy Police Department because she was concerned that someone might tell Signorile, who had been employed as a police officer with that Police Department, about the complaint and that, as a result, Signorile could further harm her or himself.  Guzman testified that he advised Mrs. Signorile to file a complaint with the Woodbridge Police Department, to which Mrs. Signorile agreed.

However, on June 29, 2003, Mrs. Guzman informed her husband that Mrs. Signorile had decided not to file a complaint with the Woodbridge Police Department.  Guzman then informed the Police Department's Chief of Police, Kohut, of the assault on Mrs. Signorile.  On June 30, 2003, Kohut dispatched Detective Kevin Kenny ("Kenny") to Mrs. Signorile's place of employment in Woodbridge to investigate the allegation.  Simultaneously, the Woodbrige Police Department dispatched Officer Margaret Schmidt ("Schmidt") to Mrs. Signorile's place of business, in response to a report by Mrs. Signorile's co-workers that Mrs. Signorile had been physically abused by Signorile.  Upon questioning, Mrs. Signorile told the officers that her husband, Signorile, had hit her, causing a visible injury to her right eye, during a fight they had on June 27, 2003.

Detective Kenny returned to the Police Department and informed Kohut that Mrs.
Signorile reported that Signorile had struck her.  Kohut then instructed Kenny, in accordance
with the State of New Jersey's Domestic Violence Procedures Manual ("the Manual") and the
New Jersey Prevention of Domestic Violence Act of 1991, N.J.S.A. 2C:25-17 *et seq.*, ("the
Domestic Violence Act"), to draft a complaint against Signorile.  Later that day, Kenny returned
to Mrs. Signorile's place of employment with Detective Eddie Padilla of Internal Affairs to take
photographs of Mrs. Signorile's injuries.  Those photographs revealed swelling, bruising, and
redness on the right side of Mrs. Signorile's face.  Mrs. Signorile later admitted that the
photographs were an accurate depiction of her appearance on June 30, 2003.

Nevertheless, that same evening, Mrs. Signorile went to the Police Department with
Signorile's brother, and recanted her earlier statements that Signorile had caused the injuries to
her eye.  She stated that she actually had hurt herself when she fell in her bathroom.  Later, at her
deposition taken on June 27, 2006, Mrs. Signorile testified that she had told Detective Kenny and
Officer Schmidt that her husband had hit her because she felt confused and was concerned of the
effect of the officers' presence on her employment.

On July 1, 2003, Britton and Kenny returned to Mrs. Signorile's place of employment to
further question her.  However, Mrs. Signorile was not there.  As a result, Britton and Kenny
went to the Signorile residence, where Britton spoke with Mrs. Signorile.  Although Mrs.
Signorile denied that her husband caused any of the injuries to her face, Britton later testified that
he did not find her statements made at that meeting to be credible and that he believed that
Signorile had abused her.  That same day, Signorile was placed under arrest and charged with
simple assault against Mrs. Signorile.  However, the North Brunswick Municipal Court

-4-

eventually dismissed the charges against Signorile on the basis of the Police Department's failure to provide discovery.

On February 14, 2005, Signorile filed the present action, alleging seven counts against Defendants.  On September 26, 2005, on an unopposed motion by Defendants Kohut, Britton, and Guzman, this Court dismissed with prejudice Counts Three, Four, Five, and Seven of Signorile's Complaint, thereby removing all claims asserted under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 *et seq.*  On October 7, 2005, the Court dismissed those Counts as to Defendants Perth Amboy and the Police Department as well.  Accordingly, the remaining claims—Counts One, Two, and Six—seek relief under 42 U.S.C. § 1983 for alleged violations of Signorile's rights secured by the Fourth, Fifth, and Fourteenth Amendments.

Defendants now move for summary judgment against Signorile pursuant to Federal Rule of Civil Procedure 53(g).  Defendants Kohut, Britton, and Guzman also move for sanctions pursuant to Federal Rule of Civil Procedure 11 on the basis that Signorile's action against them is frivolous.  Defendants Kohut, Britton, and Guzman argue that they acted in accordance with controlling state law and, thereby, could not have violated any of Signorile's constitutional rights. In addition, Defendants claim that they are entitled to qualified immunity from Signorile's claims.  Defendant Perth Amboy also contends that it cannot be liable under the doctrine of *respondeat superior* for any of its co-Defendants' actions because the alleged injury suffered by Signorile did not result from a local official policy.  Signorile opposes the motions, submitting that issues of material fact exist such that the Court should not enter summary judgment in favor of Defendants.  Signorile also contends the allegation that the Complaint is frivolous.

## II.    DISCUSSION

### A.    Motions for Summary Judgment

####     1.    *Standard of Review under Federal Rule of Civil Procedure 56(c)*

A court shall grant summary judgment under Federal Rule of Civil Procedure 56(c) "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The substantive law identifies which facts are critical or "material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to present evidence that a genuine fact issue compels a trial. *Id.* at 324. In so presenting, the non-moving party must offer specific facts that establish a genuine issue of material fact, not just "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The Court must consider all facts and their logical inferences in the light most favorable to the non-moving party. *Pollock v. Am. Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986). The Court shall not "weigh the evidence and determine the truth of the matter," but need determine only whether a genuine issue necessitates a trial. *Anderson*, *supra*, 477 U.S. at 249. If the non-moving party fails to demonstrate proof beyond a "mere scintilla" of evidence that a genuine issue of material fact exists, then the Court must grant summary judgment. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992), *cert. denied*, 507 U.S. 912 (1993).

2.      *Analysis*

Signorile alleges that he is entitled to relief under 42 U.S.C. § 1983 because Defendants acted with deliberate indifference to his "right[s] to equal protection of the law and due process, in violation of the Fifth and Fourteenth Amendments," (Cmplt. ¶ 16), when they "wrongfully arrested, falsely imprisoned, unlawfully charged [him] with a crime, libeled[,] and slandered" him, (Cmplt. ¶ 17).  In addition, Signorile claims that Defendants deprived him of "his Fourth Amendment right to be free from unlawful detention and arrest and unnecessary police interference and/or his Fifth and Fourteenth Amendment rights to due process of law[,] as well as his state constitutional rights."  (Cmplt. ¶ 20).  Finally, Signorile alleges that Defendants Kohut, the Police Department, and Perth Amboy acted "knowingly, recklessly or with deliberate indifference and callous disregard" for Signorile's rights by failing "to instruct, supervise, control and discipline on a continuing basis defendant police officers[.]"  (Cmplt. ¶ 35).

Section 1983 is not a source of substantive rights, but provides a cause of action against state actors for a violation of rights created by the United States Constitution or federal law.  *See Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 907 (3d Cir. 1997).  To establish a claim under § 1983, a plaintiff must show that someone acted under the color of state law and deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States.  42 U.S.C. § 1983; *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).  Indeed, claims of false arrest may be brought under § 1983 as a violation of the Fourth Amendment, *Gibson v. Superintendent of NJ Dep't of Law and Public Safety*, 411 F.3d 427, 448 (3d Cir. 2005), *cert. denied*, 547 U.S. 1035 (2006), and claims of violations of due process rights may be brought under § 1983 as a violation of the Fifth and

Fourteenth Amendments, *id.* at 440.  The parties do not dispute the "under color of state law" element here, and the Court presumes it is present for the purposes of this disposition. Nevertheless, Defendants now argue that Signorile cannot establish a violation of a constitutional right.

The crux of Defendants' motion for summary judgment is that they could not have knowingly, or with deliberate indifference, violated Signorile's constitutional rights because controlling law and guidelines required that they arrest Signorile.  According to Defendants, the Domestic Violence Act requires a law enforcement officer to arrest an accused person if (1) a person claims to be the victim of domestic violence, (2) the officer finds probable cause to believe that domestic violence occurred, and (3) the alleged victim exhibits signs of physical injury.  N.J.S.A. 2C:25-21a.  Because all three elements were present, Defendants claim that the law required that they arrest Signorile.

Specifically, the Domestic Violence Act provides that,

[w]hen a person claims to be a victim of domestic violence, and where a law enforcement officer responding to the incident finds probable cause to believe that domestic violence has occurred, the law enforcement officer *shall* arrest the person who is alleged to be the person who subjected the victim to domestic violence and *shall* sign a criminal complaint if[ t]he victim exhibits signs of injury caused by an act of domestic violence[.]

N.J.S.A. 2C:25-21a(1) (emphasis supplied).  The Supreme Court of New Jersey has recognized that, through the Domestic Violence Act, "the Legislature declared its intention to authorize the maximum protection under law."  *State v. Cassidy*, 179 N.J. 150, 157 (2004).  Significantly, N.J.S.A. 2C:25-22 provides specific immunity from civil liability, stating that

[a] law enforcement officer or . . . any person who, in good faith, reports a possible incident of domestic violence to the police shall not be held liable in any civil action

brought by any party for an arrest based on probable cause, enforcement in good faith of a court order, or any other act or omission in good faith under this act.

N.J.S.A. 2C:25-22.  The Supreme Court of New Jersey has explained that "[t]he Legislature[, through the grant of immunity,] particularly sought to cure the reluctance on the part of police to arrest alleged perpetrators of domestic violence that had contributed to the underenforcement of the domestic violence laws."  *Wildoner v. Ramsey*, 162 N.J. 375, 388 (2000).  That Court recognized that the Legislature intended the Domestic Violence Act "to assure that more arrests would be made, and more victims protected, from domestic violence."  *Ibid.*

In addition, the New Jersey Attorney General has the authority to adopt rules and regulations necessary to implement the Domestic Violence Act, N.J.S.A. 2C:25-21.1, and, accordingly, has exercised that authority in the State of New Jersey's Domestic Violence Procedures Manual ("the Manual"), *State of New Jersey Domestic Violence Procedures Manual* (July 2004), *available at* http://www.judiciary.state.nj.us/family/dvprcman.pdf (hereinafter "*Manual*").  Under the section "Guidelines on Police Response Procedures in Domestic Violence Cases," the Manual includes a subsection, entitled "Mandatory Arrest," that is consonant with N.J.S.A. 2C:25-21.  *Manual* § 3.8 at III-6.  That guideline states that "[a] police officer *must* arrest and take into custody a domestic violence suspect and *must* sign the criminal complaint against that person if there exists probable cause to believe an act of domestic violence has occurred and . . . [t]he victim exhibits signs of injury caused by an act of domestic violence."  *Manual* § 3.8.1 and 3.8.2 at III-6 (emphasis supplied).  The Manual further defines "exhibits" "to mean any indication that a victim has suffered bodily injury, which shall include physical pain or impairment of physical condition."  *Manual* § 3.8.2A at III-6.  That subsection continues by

stating that "[p]robable cause to arrest also may be established when the police officer observes

manifestations of an internal injury suffered by the victim." *Ibid.* (citing N.J.S.A. 2C:25-21c(1)).

Accordingly, an absolute defense to Signorile's false arrest and imprisonment claims,

under 42 U.S.C. § 1982, is the existence of probable cause. *See Wildoner*, *supra*, 162 N.J. at

389; *Johnson v. Knorr*, 477 F.3d 75, 84-85 (3d Cir. 2007) (stating that, "in analyzing false arrest

claims, a court[,] to insulate a defendant from liability[,] need find only that probable cause

existed as to any offense that could be charged under the circumstances" (internal quotation and

editing marks omitted)).  "[P]robable cause to arrest exists when the facts and circumstances

within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable

person to believe that an offense has been or is being committed by the person to be arrested."

*Orsatti v. New Jersey State Police*, 71 F.3d 480, 483 (3d Cir. 1995).  In the context of a motion

for summary judgment, "a district court may conclude that probable cause exists as a matter of

law if the evidence, viewed most favorably to Plaintiff, reasonably would not support a contrary

factual finding, and may enter summary judgment accordingly."  *Merkle v. Upper Dublin Sch.*

*Dist.*, 211 F.3d 782, 788-89 (3d Cir. 2000) (internal quotation marks omitted).

Applying those precepts, the Court finds that there is no dispute of material fact that the

arresting officers had probable cause to arrest Signorile.  In fact, his arrest was mandatory under

the Domestic Violence Act based on the exhibition of a physical injury to Mrs. Signorile's eye

and her initial statements to the officers, Mrs. Guzman, and her co-workers that Signorile had

caused those injuries during an argument.  Because the officers had probable cause to arrest

Signorile, Signorile cannot establish that Defendants deprived him of any constitutional right.

Moreover, even if such circumstances were insufficient to establish probable cause, they are

sufficient to show, as a matter of law, that Defendants acted in good faith by seeking to enforce the provisions of the Domestic Violence Act and its relevant regulations.  In acting in good faith, the arresting officers and Mrs. Guzman are entitled to immunity from civil liability under N.J.S.A. 2C:25-22.

As a result, the Court concludes that, construing the facts in the light most favorable to Signorile, there is no dispute of material fact that Defendants violated any of Signorile's rights secured under the Constitution.  Accordingly, the Court grants Defendants' motions for summary judgment.  In addition, the Court dismisses for failure to state a claim the claims asserted against Mrs. Guzman because she is not a state actor who may be held liable under either the New Jersey Tort Claims Act or 42 U.S.C. § 1983.  Fed. R. Civ. P. 12(b)(6); *Jerkins ex rel. Jerkins v. Anderson*, 191 N.J. 285, 294 n.1 (2007) (stating that New Jersey Tort Claims Act imposes liability on public entities and public employees); *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) ("Section 1983 authorizes a person to file a private cause of action against *state actors* for a deprivation of rights . . . ." (emphasis supplied)).  Moreover, the Court finds that Signorile has failed to prosecute any of his claims against Mrs. Guzman.  Fed. R. Civ. P. 41(b); *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

**B.     Motion for Sanctions**

In addition to moving for summary judgment, Defendants Kohut, Britton, and Guzman also move for sanctions under Federal Rule of Civil Procedure 11.  Federal Rule of Civil Procedure 11(b) provides:

> By presenting to the court . . . a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Civ. P. 11(b).  If there is a violation of that provision, then a party may move for the imposition of sanctions.  Fed. R. Civ. P. 11(c).  In determining whether to impose sanctions under Rule 11, a court must apply "an objective standard of reasonableness under the circumstances."  *Martin v. Brown*, 63 F.3d 1252, 1264 (3d Cir. 1995) (internal quotes omitted).  However, "being on the unsuccessful side of a ruling or judgment" does not warrant the imposition of sanctions.  *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 483 (3d Cir. 1987).  Rather, "Rule 11 is intended for only exceptional circumstances."  *Ibid.* (internal quotation marks omitted).  This is because "[t]he Rule seeks to strike a balance between the need to curtail abuse of the legal system and the need to encourage creativity and vitality in the law."  *Id.* at 483-84.  Overall, therefore, a "district court must exercise discretion and sound judgment in dealing with the myriad methods with which lawyers may abuse the judicial process."  *Eavenson, Auchmuty & Greenwald v. Holtzman*, 775 F.2d 535, 540 (3d Cir. 1985).

Although Defendants Kohut, Britton, and Guzman contend that Signorile and his counsel filed the present Complaint without a factual or legal basis, the Court does not find that sanctions are warranted in this circumstance.  Indeed, Rule 11 "requires a reasonable inquiry into both the facts and the law supporting a particular pleading."  *Schering Corp. v. Vitarine Pharm., Inc.*, 889

F.2d 490, 496 (3d Cir. 1989).  Under that inquiry, the Court must judge the alleged improper conduct "by what was reasonable to believe at the time the pleading, motion, or other paper was submitted."  *Ibid.*  Despite now holding that summary judgment in favor of Defendants is warranted, the Court does not go so far as to find the filing of the Complaint and the initiation of discovery to be frivolous.  The Court does not find that it was unreasonable for this action to proceed to the discovery stage.  Thus, the Court concludes that the conduct of Signorile's counsel was not so egregious as to violate Rule 11(b).  Accordingly, sanctions are not appropriate in this instance.

## III.   CONCLUSION

For the reasons expressed above, the Court grants the motions for summary judgment brought by Defendants Kohut, Britton, Guzman, Perth Amboy, and the Police Department, but denies the motion for sanctions brought by Defendants Kohut, Britton, and Guzman.  In addition, the Court dismisses the claims asserted against Mrs. Guzman for failure to state a claim.  An appropriate order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: November 20, 2007